

# NUMBER 13-20-00493-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **MATHEW MUNGIA,** | **Appellant,** |

**v.**

| | |
|---|---|
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 28th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Longoria

Appellant Mathew Mungia[1] appeals his sentence of ten years for manufacturing or delivery of a controlled substance in penalty group 2 or 2-A, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.113(d). By one issue, Mungia argues that his

---

[1] We note that appellant's first name is "Matthew" in the reporters' records. However, we refer to appellant as "Mathew" as that is how he is identified in the judgment from which he is appealing.

sentence is excessive in violation of the Eighth Amendment of the United States Constitution. We affirm.

## I. BACKGROUND

Mungia was indicted for possessing, with the intent to deliver, a controlled substance in penalty group 2 or 2-A in an amount of four grams or more but less than 400 grams. *See id.* On December 18, 2019, pursuant to a plea agreement, Mungia pleaded guilty, and the trial court subsequently entered an order deferring his adjudication and placing him on community supervision for a period of five years. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.053. On March 2, 2020, the State filed a motion to revoke alleging that Mungia violated the terms of his community supervision by committing the offense of manufacture-delivery of a controlled substance (synthetic marijuana) on or about January 7, 2020, and that he admitted to his community supervision officer that he smoked synthetic marijuana daily since the age of twenty-six and would smoke approximately up to fifteen cigarillos a day. The trial court held a hearing on the State's motion on March 24, 2020, and Mungia pleaded true to both allegations. In exchange for Mungia's pleas of true, the State agreed to no-charge the offense committed on or about January 7, 2020.

While discussing disposition at the revocation hearing, Mungia stated that he is a special-needs individual and needs dialysis. Mungia's counsel discussed that an intermediate sanction facility (ISF) would not be an option as Mungia is special needs. Mungia then asked the trial court to recommend him to the medical unit of the Texas Department of Corrections as time served. Thereafter, the trial court found Mungia had violated the conditions of his community supervision, revoked his community supervision,

2

adjudicated him guilty as alleged in the indictment, and sentenced him to ten years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice with direction to be placed in the medical unit. This appeal followed.

## II.    CRUEL & UNUSUAL PUNISHMENT

In his sole issue, Mungia argues that his punishment is excessive in violation of the Eighth Amendment to the United States Constitution. *See* U.S. CONST. amend. VIII. The State responds that Mungia has forfeited his complaint of disproportionate punishment because he did not raise it in the trial court, his sentence is not disproportionate to the severity of his offense, and the record does not contain the evidence necessary to conduct a proportionality analysis. Mungia acknowledges that his argument is foreclosed on intermediate appeal because he failed to object to the sentence imposed at the trial level but contends he raises his argument in an adversarial fashion to preserve further possible review.

### A.    Standard of Review & Applicable Law

The trial court's punishment decision is reviewed under an abuse of discretion. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *see also Jackson v. State*, No. 13-01-497-CR, 2002 WL 366523, at *1 (Tex. App.—Corpus Christi–Edinburg, March 7, 2002, no pet.) (mem. op., not designated for publication). An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957,

1001 (1991)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (providing that a sentence is unlikely to be disturbed on appeal if it is assessed within the legislatively determined range).

To preserve for appellate review a complaint that a sentence constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd); *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.) (holding that to preserve a disproportionate-sentencing complaint, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial); *see also Ybarra v. State*, No. 13-19-00394-CR, 2021 WL 727388, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 25, 2021, pet ref'd) (mem. op., not designated for publication).

## B. Analysis

Mungia acknowledges that his argument is foreclosed on intermediate appeal because he failed to object to the sentence imposed at the trial level, but contends he raises his argument in an adversarial fashion to preserve further possible review. Specifically, Mungia first argues that his sentence was excessive because he is a special-

needs individual with a history of severe synthetic marijuana usage. However, other than Mungia stating that he is a special-needs individual during the revocation hearing, he did not enter any evidence to explain his statement of being a special-needs individual during the revocation hearing. *See generally, Simpson*, 488 S.W.3d at 324 (explaining that "[t]o the degree that there was additional evidence that could have persuaded the trial court to assess a lesser sentence, it was incumbent upon [the appellant] to present that evidence during the punishment hearing, not a subsequent hearing or a motion for new trial."). Moreover, even if Mungia is a special-needs individual with a history of severe synthetic marijuana usage, he does not articulate beyond a bald assertion how his ten-year sentence for a first-degree felony was not warranted. *See* TEX. PENAL CODE ANN. § 12.32(a); *see also Loveall v. State*, No. 13-17-00237-CR, 2018 WL 1870555, at *3 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) (mem. op., not designated for publication). (rejecting the argument presented by appellant that a maximum sentence of two-years was not warranted because he suffers from a drug addiction and because he completed a treatment program at an intermediate sanction facility and a relapse prevention program while on community supervision); *see generally*, *Jackson*, 2002 WL 366523, at *1 (rejecting appellant's argument that the fact that appellant may suffer from a cancerous tumor does not factor into the required analysis regarding the proportionality of appellant's sentence compared to the severity of the crime).

Next, despite his trial counsel saying at the revocation hearing that ISF was not an option since he was special needs, Mungia argues that his sentence is excessive because ISF was an option for him at one point. But even assuming that to be true, the

decision of what punishment to assess is generally left to the unfettered discretion of the trial court. *See Smith v. State*, 286 S.W.3d 333, 344 (Tex. Crim. App. 2009) ("[T]he decision of what punishment to assess after adjudicating the defendant guilty is purely normative process, not intrinsically factbound, and is left to the unfettered discretion of the trial judge."). Moreover, the record in this case shows that within two months of being placed on community supervision, Mungia violated the terms of his community supervision, and the trial court imposed a sentence well within the statutory-prescribed punishment range for first-degree felonies. *See* TEX. PENAL CODE ANN. § 12.32(a) ("An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years."); *Ex Parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (Generally, "a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal."). Finally, we note that Mungia does not reference any evidence of sentences imposed for other similar crimes in Texas or other jurisdictions. *See Solem v. Helm*, 463 U.S. 290, 292 (1983); *see also Ybarra*, 2021 WL 727388, at *2 (overruling appellant's argument that the sentence imposed by the trial court was disproportionate to the seriousness of the offenses committed because, among other reasons, appellant did not reference any evidence of the sentences imposed for other similar crimes in Texas or other jurisdictions).

Accordingly, we hold that Mungia failed to preserve his complaint for our review. *See Smith*, 721 S.W.2d at 855; *Trevino*, 174 S.W.3d at 927–28 ("Because the sentence

6

imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."); *see also Munoz v. State*, No. 13-19-00244-CR, 2020 WL 4218890, *2 (Tex. App.—Corpus Christi–Edinburg, July 23, 2020, no pet.) (mem. op., not designated for publication).

We overrule Mungia's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
31st day of August, 2021.